The Honorable John W. Parkerson State Representative 300 Exchange Street Suite A Hot Springs, Arkansas 71901
Dear Representative Parkerson:
This is in response to your request for an opinion regarding the prohibition applicable to a foreign trust company in its solicitation of business in the State of Arkansas, pursuant to Arkansas Code of 1987 Annotated 4-27-204. Your specific question is paraphrased as follows:
 May brokers employed by A. G. Edwards Sons, Inc. refer and make available to their clients information and forms regarding trust services offered by Commonwealth Trust Company, a Missouri trust company and subsidiary of A. G. Edwards' parent corporation?
This question cannot be answered with a simple "yes" or "no". A.C.A. 4-27-203 authorizes foreign corporations to act as fiduciaries within the State as follows:
 Any bank or trust company organized under the laws of and having its principal office in the District of Columbia or any territory or state of the United States other than the State of Arkansas, and any national bank having its principal office in the District of Columbia or a territory or another state, with all such banks or trust companies being hereinafter sometimes called "foreign banks or trust companies," having the corporate power to so act, may be appointed and may serve in the State of Arkansas as trustee of a personal or corporate trust, executor, administrator, guardian of the estate, or in any other fiduciary capacity, whether the appointment is by will, deed, agreement, declaration, indenture, court order, or decree, or otherwise, when and to the extent that the District of Columbia or other state in which the foreign bank or trust company is organized and has its principal office grants authority to serve in [like] fiduciary capacity to a bank or trust company organized under the laws of and having its principal office in the State of Arkansas, or to a national bank having its principal office in the State of Arkansas.
Of additional relevance to your inquiry is A.C.A. 4-27-204 which states in pertinent part:
 (a) No foreign bank or trust company shall establish or maintain any branch office, agency, or other place of business within this State or shall in any way solicit, directly or indirectly, any fiduciary business in this state of the types embraced by 4-27-203.
 (b) Except as authorized herein or as may otherwise be authorized by the laws of this State, no foreign bank or trust company shall act in a fiduciary capacity in this state or engage in any other business in this state.
The activities performed by brokers on behalf of Commonwealth Trust could conceivably fall within the activities specifically proscribed by A.C.A. 4-27-204(a). This, however, is a question that is subject to judicial determination following a review of all surrounding facts and circumstances. This office is not in a position to make such a factual determination.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is., however, precluded from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.